### SUSAN DOWNING v. M. REEVES.

INJUNCTION; *Power to Modify Order; Practice.* Where two parties have each a partial possession of and certain improvements upon a single tract of the Kaw Indian trust lands, and claim the right to purchase the tract, and one obtains against the other an *ex parte* restraining order from the probate judge, the district judge may, upon a motion to dissolve this order, modify the same by entering an order restraining each party from interfering with the improvements of the other until the final hearing; and this, although the defendant has filed no answer and made no formal written motion for any restraining order upon the plaintiff; and *held*, further, that in this case, upon the showing made on the motion to dissolve, such an order was apparently equitable, and will not be reversed.

### *Error from Morris District Court.*

ACTION brought by *Downing* against *Reeves* and another, to enjoin them from interfering with plaintiff's right of possession of certain lands in Morris county. June 5, 1879, a temporary order of injunction was issued by the probate judge of said county in behalf of the plaintiff. Thereafter, the defendant *Reeves* in vacation moved the district judge to dissolve the injunction. Upon the hearing of this motion the judge modified the order of injunction, and at the same time made an order restraining the plaintiff from in any manner interfering with the defendant's improvements upon the said premises. *Downing* brings the order here for review.

*John T. Bradley,* for plaintiff in error.

*John Maloy,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Susan Downing, the plaintiff in error, on May 29th, 1879, commenced suit against the defendant Montraville Reeves, and one R. T. Sallee, in the district court of Morris county, Kansas, to enjoin them, or either of them, from interfering with the plaintiff's right of possession to lots 19 and 20, in sec. 7, T. 15, R. 8, in that county, said lands being a part of the Kansas Indian trust lands. A temporary

order of injunction was issued by the probate judge of Morris county in behalf of plaintiff. The defendant Reeves, on June 5th, 1879, in vacation moved the district judge to dissolve the injunction, alleging as reasons for the dissolution of the injunction that the allegations of the petition of plaintiff were not true, and that the petition did not state facts sufficient to constitute a cause of action in favor of plaintiff and against said defendant. This motion was heard before any answer was filed. Upon the hearing of this motion the judge modified the order of injunction, and at the same time made an order restraining the plaintiff.

Now it is insisted that upon the testimony, which was all by affidavit, the district judge erred in modifying the order as originally granted, and that he also erred in granting a restraining order against the plaintiff, because the showing did not warrant it, and also because there was no written demand for it by motion or answer.

It appears that one Mary Downing was recognized as the actual occupant, and entitled to purchase these lands by the commission appointed under the act of congress of March 13, 1873, (17 U. S. Stat., p. 85,) and that she had transferred her rights to plaintiff. But it did not appear that any patent had been issued, or any payment made. As to the extent of the occupation and improvement of plaintiff or her grantor, it would seem that they had broken about four acres. Whether there were any buildings on the premises, or any other occupation than as above stated at the time of the defendant's entry, seems doubtful. Now we do not understand that the award in 1873 gave to the party given the right to purchase a continuous right to hold possession without purchase or payment. Indeed, it would seem from the subsequent acts of June 23, 1874, (18 U. S. Stat., p. 272,) and that of July 5, 1876, (19 U. S. Stat., p. 74,) that unless the first payment was made by January 1, 1877, or within ninety days thereafter, the prior right of the occupant to purchase ceased. But be that as it may — and we do not intend to pass upon the ultimate rights of the parties to the land — we think there is

not enough before us to justify us in reversing the ruling of the district judge. It appears that both parties had a certain occupation of the premises; both had put improvements thereon, and both claimed the right to purchase. Which will finally succeed and obtain the patent, is a question to be settled by the United States authorities. Meantime, the order of the district judge was, that each party should be enjoined from interfering with the improvements made by the other. This order of course will continue only till the final trial. Meantime, the question of title may be settled, and if not, the case will be heard upon oral testimony and where there is an opportunity for cross-examination. The exact truth will then be more likely to be ascertained, and the proper judgment entered.

We do not think the want of an answer, or any formal written motion, sufficient reason for changing the order. The judge, sitting as a chancellor, had both parties before him, and could and did make such order as will preserve the peace and secure to each the opportunity to present and enforce any rights in the premises. The continuance of any restraining order against him was fairly conditioned upon her not disturbing him in his improvements. By appealing for equity, the plaintiff submits to all the obligations of equity. And preserving the rights of each pending the litigation, seems under all the circumstances to have been equity.

The order will be affirmed.

All the Justices concurring.