F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JAN 4 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WANDA JEAN ALLEN,

Petitioner-Appellant,

v.

NEVILLE MASSIE,

Respondent-Appellee.

No. 98-6340
(D.C. No. CV-96-796-L)
(W.D. Okla.)

ORDER

Before **BRORBY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

This case is before the court on Wanda Jean Allen's motion to recall the mandate and accompanying request for a stay of execution. This court previously affirmed the district court's denial of Allen's 28 U.S.C. § 2254 habeas petition, which petition challenged her first degree murder conviction and resulting death sentence. *See Allen v. Massie*, No. 98-6340, 2000 WL 16321 (10th Cir. Jan. 11) (unpublished disposition), *cert. denied*, 121 S. Ct. 244 (2000). In her motion to recall the mandate, Allen asks this court to reexamine her claims of ineffective assistance of trial counsel in light of the Supreme Court's recent opinion in *Williams v. Taylor*, 120 S. Ct. 1495 (2000). This court construes Allen's motion

to recall the mandate as an application to file a successive habeas corpus petition, **denies** the application on the ground that it does not satisfy the requirements of 28 U.S.C. § 2244(b), and **denies** Allen's request for a stay of execution.[1]

In a recent decision, the Supreme Court held that a federal court's power to grant a petitioner's motion to recall the mandate in a 28 U.S.C. § 2254 habeas case is narrowly constrained by the provisions of § 2244(b).  *See Calderon v. Thompson*, 523 U.S. 538, 553-54 (1998).  The Court stated:

> In a § 2254 case, a prisoner's motion to recall the mandate on the basis of the merits of the underlying decision can be regarded as a second or successive application for purposes of § 2244(b). Otherwise, petitioners could evade the bar against relitigation of claims presented in a prior application, § 2244(b)(1), or the bar against litigation of claims not presented in a prior application, § 2244(b)(2).  If the court grants such a motion, its action is subject to AEDPA irrespective of whether the motion is based on old claims (in which case § 2244(b)(1) would apply) or new ones (in which case § 2244(b)(2) would apply).

*Id.* at 553; *see also Gray-Bey v. United States*, 209 F.3d 986, 988 (7th Cir. 2000) (holding

---

[1]Allen's motion is actually styled as follows: "MOTION TO RECALL THE MANDATE, FOR STAY OF EXECUTION, AND FOR EMERGENCY EN BANC RECONSIDERATION."  To the extent that Allen's motion could be construed as a renewed petition for rehearing before either this panel or the *en banc* court, the petition is precluded by operation of this court's rules.  *See* 10th Cir. R. 40.3 ("The court will accept only one petition for rehearing from any party to an appeal.  No motion to reconsider the court's ruling on a petition for rehearing may be filed."); 10th Cir. R. 35.1(C) ("The court will not reconsider either the denial of an en banc petition or an en banc disposition.").  Allen previously filed in this court a petition for rehearing with suggestion for rehearing *en banc*.  On February 25, 2000, this court entered its order noting that the panel had unanimously voted to deny rehearing and that no active judge had called for a poll on the suggestion for rehearing *en banc*.  Accordingly, to the extent that Allen's petition is construed as a renewed petition for panel or *en banc* rehearing, it is hereby rejected.

that pursuant to *Calderon* a petitioner's "motion to recall the mandate is effectively an application for leave to pursue another collateral attack" and noting that "it would be proper to recall the mandate only if it is proper to authorize a second or successive collateral attack" pursuant to § 2244(b)). In light of the Supreme Court's very specific language in *Calderon*, this court can grant Allen's request to recall the mandate only if that request satisfies the requirements of § 2244(b).

In her motion, Allen requests that the court recall the mandate in order to reexamine her claims of ineffective assistance of counsel in light of the Supreme Court's decision in *Williams*. To be clear, Allen is not asserting a new factual predicate in support of her claim of ineffective assistance.[2] Instead, she simply asserts that in light of the *Williams* decision, this court's previous resolution of her claims is incorrect. Section 2244(b)(1) is clear, however, that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Accordingly, Allen is not entitled to file a second or successive § 2254 habeas petition for the purpose of relitigating her claims of ineffective assistance of counsel.

Even assuming that § 2244(b)(1) did not operate to preclude this court from granting Allen's motion, the motion nevertheless fails to satisfy the standard set out in § 2244(b)(2)(A). That section mandates dismissal of a claim not presented in a prior petition unless "the applicant shows that the claim relies on a new rule of constitutional law, made

---

[2]For that reason, 28 U.S.C. § 2244(b)(2)(B) is not implicated in this case.

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). There is simply nothing in the Supreme Court's decision in *Williams* that even remotely resembles a new rule of constitutional law. Instead, the *Williams* Court merely reaffirmed that all claims of ineffective assistance of counsel should be resolved by reference to the well-established rubric set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Williams*, 120 S. Ct. at 1511-12; *id.* at 1523-24 (O'Connor, J., concurring in part and concurring in the judgment).

This court is aware that § 2244(b) does not foreclose the possibility a federal court could recall its mandate *sua sponte* to reconsider issues raised in a petitioner's first federal habeas petition. *See Calderon*, 523 U.S. at 554.[3] Nevertheless, the Supreme

---

[3]It must be noted that a court's characterization of its action as *sua sponte* in recalling the mandate does not necessarily control the question of the applicability of the AEDPA. In that regard, the Supreme Court has noted as follows:

> As a textual matter, § 2244(b) applies only where the court acts pursuant to a prisoner's "application." This carries implications for cases where a motion to recall the mandate is pending, but the court instead recalls the mandate on its own initiative. Whether these cases are subject to § 2244(b) depends on the underlying basis of the court's action. If, in recalling the mandate, the court considers new claims or evidence presented in a successive application for habeas relief, it is proper to regard the court's action as based on that application. In these cases, § 2244(b)(2) applies irrespective of whether the court characterizes the action as *sua sponte*.
>
> In [this] case, however, the Court of Appeals was specific in reciting that it acted on the exclusive basis of [the petitioner's] first federal habeas petition. The court's characterization of its action as *sua sponte* does not, of course, prove this point; had the court considered claims or evidence presented in [the petitioner's] later filings, its action would have been based on a successive application, and so would be subject to § 2244(b). But in [this] case the court's recitation that it acted on the exclusive basis of his

-4-

Court has held that even when the AEDPA does not apply, a court of appeals' discretion to recall its mandate *sua sponte* is seriously constrained by the foundational principles "underlying our habeas corpus jurisprudence." *Id.* Accordingly, "where a federal court of appeals *sua sponte* recalls its mandate to revisit the merits of an earlier decision denying habeas corpus relief to a state prisoner, the court abuses its discretion unless it acts to avoid a miscarriage of justice." *Id.* at 558. That standard "is concerned with actual as compared to legal innocence" of the petitioner, is "narrow [of] scope," and is "demanding in all cases." *Id.* at 559 (quotations omitted). *See generally id.* at 559-566 (explicating rigorousness of "miscarriage of justice" standard in this context both as applied to the validity of an underlying conviction or an attendant death penalty). In the particular context of Allen's claim that her counsel was ineffective for failing to present certain mitigation evidence during the penalty phase of the trial, she can satisfy the miscarriage of justice standard only by showing with "clear and convincing evidence that no reasonable juror would have found [her] eligible for the death penalty in light of the new evidence." *Id.* at 560 (quotations omitted). In light of this standard, it is clear that this is not one of those exceedingly rare cases in which a *sua sponte* recall of the mandate would be appropriate.

Allen's motion to recall the mandate, deemed an application to file a second or

---

first federal petition is not disproved by consideration of matters presented in a later filing. Thus we deem the court to have acted on his first application rather than a successive one. As a result, the court's order recalling its mandate did not contravene the letter of AEDPA.
*Calderon*, 523 U.S. at 554.

successive § 2254 habeas petition, is hereby **DENIED**. The accompanying request for a stay of execution is also **DENIED**. Allen is reminded that the denial by this court of authorization to file a second or successive petition "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

ENTERED FOR THE COURT

PER CURIAM