(5 P.3d 1002)

No. 82,779

KEVIN L. ADAMS, *Appellant*, v. STATE OF KANSAS, *Appellee.*

Opinion filed March 31, 2000.

*Brent Getty,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for the appellant.

*David Lowden,* assistant district attorney, *Nola Foulston,* district attorney, and *Carla J. Stovall,* attorney general, for the appellee.

Before ELLIOTT, P.J., LEWIS, J., and BUCHELE, S.J.

BUCHELE, J: Kevin L. Adams appeals the district court's denial of his K.S.A. 60-1507 motion, in which he sought to convert his indeterminate sentence under K.S.A. 1993 Supp. 22-3717(f).

The facts relevant to this appeal are that Adams was paroled on March 10, 1993, and his parole was revoked on March 1, 1994. The district court found that Adams was not eligible for conversion.

K.S.A. 1993 Supp. 22-3717(f) provided:

"If an inmate is sentenced to prison for a crime committed after July 1, 1993, while on parole or conditional release for a crime committed prior to July 1, 1993, the old sentence shall be converted into a determinate sentence and will run consecutive to the new sentence as follows:

(1)	Twelve months for class C, D or E felonies or the conditional release date whichever is shorter;

(2)	36 months for class A or B felonies or the conditional release date whichever is shorter."

This statute was in effect between July 1, 1993, and March 24, 1994.

There is no question that K.S.A. 1993 Supp. 22-3717(f), does not apply to Adams, despite his parole revocation during the window of opportunity provided by the statute. The Kansas Supreme Court has determined, under the "clear" terms of this provision, an inmate may not qualify for sentence conversion unless he or she was on parole or conditional release for a crime committed before July 1, 1993, committed a new crime after July 1, 1993, and was sentenced to prison for the new crime. See *State v. Sisk*, 266 Kan. 41, 44, 966 P.2d 671 (1998). Adams' parole was revoked because he violated the conditions of parole. He did not commit a new crime while on parole and was not sentenced to prison for a new crime in the relevant time frame.

Adams claims that K.S.A. 1993 Supp. 22-3717(f), impermissibly distinguishes between parolees who are returned to prison for committing a "technical" violation and parolees who are returned to prison for committing a felony. Under K.S.A. 1993 Supp. 22-3717(f), a parolee who commits a felony may convert the indeterminate sentence being served at the time of the commission of the felony to conform with the Kansas Sentencing Guidelines Act (KSGA), while a parolee whose parole is revoked for other than a new crime is unable to convert his or her sentence.

A determination of the constitutionality of a statute is a question of law over which this court has unlimited review. See *U.S.D. No. 443 v. Kansas State Board of Education*, 266 Kan. 75, 81-82, 966 P.2d 68 (1998). In determining the constitutionality of a statute, a court will apply a presumption of constitutionality and will uphold the statute if any reasonable interpretation exists. See *State ex rel. Tomasic v. Unified Gov't of Wyandotte County/Kansas City*, 265 Kan. 779, 787, 962 P.2d 543 (1998).

The appellate courts consider an alleged violation of equal protection under either the United States Constitution or the Kansas

Constitution by applying a rational basis test, *e.g.*, does the classification made bear a rational relationship to the purpose of the legislation. See, *e.g.*, 265 Kan. at 793. There is a rational relationship between the classification and the purpose for which the statute was promulgated. See *Chiles v. State*, 254 Kan. 888, 901, 869 P.2d 707, *cert. denied* 513 U.S. 850 (1994).

Although one of the legislature's clearly intended purposes for enacting sentencing guidelines was to reduce prison overcrowding, the legislature also clearly intended to balance that intent by maintaining the public safety. See 254 Kan. at 903. By limiting conversion under this section to felony violators, the legislature intended to create a transition between pre-KSGA sentences and guidelines sentences. Restricting sentence conversion to cases in which post-KSGA sentences were added to pre-KSGA sentences is rationally related to the KSGA's goals of consistency and proportionality, as well as public safety, by diminishing the disparity in sentences where such disparity would most prominently appear. 254 Kan. at 894. The classification distinguishing felony violators of parole from technical violators imposed by K.S.A. 1993 Supp. 3717(f) does not impinge upon any fundamental interest.

Adams was in prison doing time on his pre-July 1, 1993, sentence because he could not meet the conditions of his parole. He has not shown that he was impermissibly denied equal protection.

The legislature is not required to articulate reasons for enacting laws. An appellate court will uphold a statute as long as it implements any rational purpose, even if the legislature never considered the purpose when enacting the statute. *State ex rel. Tomasic*, 265 Kan. at 794 (citing *F.C.C. v. Beach Communications, Inc.*, 508 U.S. 307, 315, 124 L. Ed. 2d 211, 113 S. Ct. 2096 [1993]). Therefore, the district court did not err in dismissing Adams' K.S.A. 60-1507 motion. The classification created by K.S.A. 1993 Supp. 22-3717(f) is constitutional and inapplicable to convert Adams' indeterminate sentence.

Affirmed.