No. 82,071

STATE OF KANSAS, *Appellee*, v. NICOLAS E. PEREZ, *Appellant.*

(11 P.3d 52)

Opinion filed June 2, 2000.

*Brent Getty,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, were on the brief for appellant.

*Chris Biggs,* county attorney, and *Carla J. Stovall,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This is a sentencing guidelines case. At issue is whether Nicolas E. Perez qualifies for sentence conversion under K.S.A. 1993 Supp. 22-3717(f) and, if not, whether K.S.A. 1993 Supp. 22-3717(f) is unconstitutional. The district court held Perez was not eligible for sentence conversion. Perez maintains that the district court's refusal to convert his sentence under K.S.A. 1993 Supp. 22-3717(f) denies him equal protection under the law. We disagree.

We have jurisdiction because the underlying sentence is an indefinite life sentence. See K.S.A. 22-3601(b)(1).

Finding no error, we affirm.

## FACTS

Perez was sentenced to 15 years to life after pleading guilty to second-degree murder. On January 29, 1990, after serving 7 years, Perez was released on parole. Perez then committed a technical violation of his parole and was returned to prison on April 26, 1994. New criminal charges were not a reason for revocation of Perez' parole. During Perez' parole, the legislature enacted the Kansas Sentencing Guidelines Act (KSGA). See L. 1992, ch. 239. On April 28, 1998, Perez moved to convert his sentence under K.S.A. 1993 Supp. 22-3717(f). K.S.A. 1993 Supp. 22-3717(f) was in effect from July 1, 1993, until its repeal effective March 24, 1994. See L. 1992, ch. 239, § 270; L. 1994, ch. 21, § 1. Perez' technical violation occurred during this 9-month window. K.S.A. 1993 Supp. 22-3717(f) provided that individuals sentenced for crimes committed after July 1, 1993, while on parole for a crime committed before July 1, 1993, were eligible for sentence conversion. The district court denied Perez' motion for sentence conversion.

## DISCUSSION

K.S.A. 1993 Supp. 22-3717(f) provided:

"[I]f an inmate is sentenced to prison for a crime committed after July 1, 1993, while on parole or conditional release for a crime committed prior to July 1, 1993, the old sentence shall be converted into a determinate sentence and will run consecutive to the new sentence as follows

"(1) Twelve months for class C, D or E felonies or the conditional release date whichever is shorter;

"(2) 36 months for class A or B felonies or the conditional release date whichever is shorter."

An inmate subject to K.S.A. 1993 Supp. 22-3717(f) is entitled to have his or her sentence converted to a KSGA sentence and to receive credit for time served toward the converted sentence. See *Payton v. State*, 22 Kan. App. 2d 843, 847, 923 P.2d 1059 (1996). An inmate does not qualify for sentence conversion under K.S.A. 1993 Supp. 22-3717(f) unless he or she: (1) was on parole or conditional release for a crime committed before July 1, 1993, (2) committed a new crime after July 1, 1993, and (3) was sentenced to prison for the new crime. See *State v. Sisk*, 266 Kan. 41, 44, 966

P.2d 671 (1998). K.S.A. 1993 Supp. 22-3717(f) created a 9-month "window of opportunity" for parolees committing new crimes while on parole to have their old sentences converted to a guidelines sentence.

Perez did not commit a new crime while he was on parole. He committed a technical parole violation.

He claims that K.S.A. 1993 Supp. 22-3717(f) impermissibly distinguishes between those who commit technical parole violations and those who commit new crimes. Perez contends this arbitrary classification is an equal protection violation rendering K.S.A. 1993 Supp. 22-3717(f) unconstitutional.

The constitutionality of a statute is a question of law; therefore, we have unlimited review. *Battrick v. State*, 267 Kan. 389, 391, 985 P.2d 707 (1999). "A statute comes before the court cloaked in a presumption of constitutionality, and it is the duty of the party attacking the statute to sustain the burden of proof." *Peterson v. Garvey Elevators, Inc.*, 252 Kan. 976, Syl. ¶ 4, 850 P.2d 893 (1993). If there is any reasonable way to construe a statue as constitutionally valid, we must do so. *Battrick*, 267 Kan. at 391. We review allegations of sentencing guidelines unconstitutionality due to arbitrary classification under the "rational basis" test. See *Chiles v. State*, 254 Kan. 888, 895, 901, 869 P.2d 707, *cert. denied* 513 U.S. 850 (1994) (prisoner claimed limited retroactivity provisions of sentencing guidelines created arbitrary classification denying him equal protection). There is a rational basis for a law if it is reasonably related to legitimate state interests. 254 Kan. at 899-901.

The Court of Appeals recently addressed a similar equal protection claim in *Adams v. State*, 27 Kan. App. 2d 292, 5 P.3d 1002 (2000). The facts here and in *Adams* are legally indistinguishable. The Court of Appeals held: (1) Adams was not eligible for sentence conversion under K.S.A. 1993 Supp. 22-3717(f), and (2) the statute was constitutional. The *Adams* court reasoned:

"Although one of the legislature's clearly intended purposes for enacting sentencing guidelines was to reduce prison overcrowding, the legislature also clearly intended to balance that intent by maintaining the public safety. See 254 Kan. at 903. By limiting conversion under this section to felony violators, the legislature intended to create a transition between pre-KSGA sentences and guidelines sen-

tences. Restricting sentence conversion to cases in which post-KSGA sentences were added to pre-KSGA sentences is rationally related to the KSGA'S goals of consistency and proportionality, as well as public safety, by diminishing the disparity in sentences where the disparity would most prominently appear." 27 Kan. App. 2d at 294.

We agree. *Adams'* rationale is sound.

Because Perez was not convicted of a new crime, the statute did not require that his sentence be converted from an indeterminate to a determinate sentence. A parolee convicted of a new crime would have had the sentence for his "old" crime converted to a determinate sentence.

The situation of a defendant convicted of a crime committed while on parole is different than that of a defendant returned to prison as a technical parole violator. The former will face an additional sentence, usually to be served consecutive to the sentence for which he or she was on parole. See K.S.A. 1993 Supp. 21-4720. The latter, who will not face a new sentence after being found in violation of the conditions of parole, will continue on parole or have it revoked, or be subjected to any order the Kansas parole board sees fit to enter. K.S.A. 1993 Supp. 75-5217(b).

It is reasonable for the legislature to grant sentence conversions to parolees committing new crimes in order to bridge any gaps between pre- and post-KSGA sentences. K.S.A. 1993 Supp. 22-3717(f) served as a bridge between two different statutory sentencing schemes for those who would otherwise be subject to both. K.S.A. 1993 Supp. 22-3717(f) is reasonably related to legitimate state interests. See *Chiles,* 254 Kan. at 899.

Under K.S.A. 1993 Supp. 22-3717(f), effective between July 1, 1993, and March 24, 1994, an inmate does not qualify for sentence conversion unless the inmate was either on parole or conditional release for a crime committed before July 1, 1993, committed a new crime after July 1, 1993, and was sentenced to prison for the new crime.

Distinguishing between those who violate parole by committing a new felony crime and those who commit technical parole violations under K.S.A. 1993 Supp. 22-3717(f) does not render K.S.A. 1993 Supp. 22-3717(f) unconstitutional.

A parole revocation because of a technical violation does not qualify as a new crime under K.S.A. 1993 Supp. 22-3717(f).

K.S.A. 1993 Supp. 22-3717(f) does not apply to Perez. His equal protection claim fails.

Affirmed.