**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DOUGLAS K. PICHON,

Petitioner-Appellant,

v.

L. E. BRUCE, Warden, Hutchinson
Correctional Facility; ATTORNEY
GENERAL OF KANSAS,

Respondents-Appellees.

No. 00-3387
(D.C. No. 00-CV-3415-DES)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

Douglas Pichon pled guilty in state court to aggravated robbery pursuant to

a plea agreement with the state in 1985. He now brings this pro se application for

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

a writ of habeas corpus under 28 U.S.C. § 2254, raising two grounds for relief. He alleges that the state violated his plea bargain, and that a state sentencing statute enacted after his conviction which applies to some inmates but not to him violates his right to equal protection. The district court dismissed the claim alleging breach of the plea agreement on the ground that it had been raised and rejected in a previous section 2254 proceeding. The court denied Mr. Pichon's equal protection claim on the merits and denied his request for a certificate of appealability (COA). Mr. Pichon appeals and applies to this court for a COA. We deny his request and dismiss his appeal.

Mr. Pichon claims that the state violated the plea agreement by recommending a greater sentence than the recommendation set out in the agreement. The district court denied relief on the ground that the claim had been raised and rejected in a prior section 2254 proceeding. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1); *see also Allen v. Massie*, 236 F.3d 1243, 1245 (10th Cir. 2001) (per curiam). Mr. Pichon presented his allegation that the state violated his plea bargain in a previous section 2254 application, *see Pichon v. Bruce*, No. 93-3323-DES, 1994 WL 116305 (D. Kan. Mar. 15, 1994), and he is therefore not entitled to file a second or successive section 2254 petition for the purpose of relitigating this

claim.

When, as here, a claim is denied on procedural grounds without reaching the merits of the underlying constitutional claim, a COA should issue only if the petitioner shows that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000).[1] Mr. Pichon has made no such showing here and we therefore deny his request for a COA on this claim.

Mr. Pichon also contends that he was denied equal protection by a state sentencing statute. This provision, KAN. STAT. ANN. § 22-3717(f) (1993 Supp.), provided a nine-month window during which an inmate who violated parole by committing a crime after July 1, 1993, while on parole for a crime committed prior to July 1, 1993, was eligible to have his sentence converted to one computed under the Kansas Sentencing Guidelines Act and to receive credit for time served toward the converted sentence. *See generally State v. Perez*, 11 P.3d 52 (Kan. 2000). Inmates whose parole was revoked for other reasons were not eligible for

---

[1] In order to obtain a COA when a petition is dismissed on procedural grounds, a petitioner must make two showings, "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). Because we conclude that Mr. Pichon has failed to make the requisite showing with respect to the procedural ruling, we do not address the showing directed to the merits. *See id.* (rule that court will not pass on constitutional issue if case may be disposed of on another ground encourages court to resolve procedural issue first).

conversion.

In *Perez*, the Kansas Supreme Court addressed and rejected the argument that section 22-3137(f) denies equal protection to those inmates who are not eligible for sentence conversion under its terms. In so doing, the Court pointed out that inmates eligible for treatment under the statute are not similarly situated to inmates who are not.

> The situation of a defendant convicted of a crime committed while on parole is different than that of a defendant returned to prison as a technical parole violator. The former will face an additional sentence, usually to be served consecutive to the sentence for which he or she was on parole. The latter, who will not face a new sentence, after being found in violation of the conditions of parole will continue on parole, be revoked, or be subjected to any order the Kansas parole board sees fit to enter.

*Id.* at 54 (citations omitted). The Court held that the legislature acted reasonably in granting sentence conversion to parolees committing new crimes in order to bridge the gap between sentences imposed before and after enactment of the Kansas Sentencing Guidelines Act, and that section 22-3717(f) "served as a bridge between two different statutory sentencing schemes for those who would otherwise be subject to both." *Id.*

The state supreme court relied on its holding in *Perez* in denying Mr. Pichon's equal protection claim on the merits. The federal district court agreed with the holding in *Perez* and rejected Mr. Pichon's equal protection claim for the reasons set forth in *Jones v. Bruce*, 921 F. Supp. 708 (D. Kan. 1996). Upon

careful review of Mr. Pichon's equal protection argument in light of the applicable case law, we conclude that his position is without merit. Both the Kansas courts and the district court have addressed this argument and rejected it. For the reasons set out in those opinions, we hold that Mr. Pichon's ineligibility for sentence conversion under section 22-3717(f) does not deny him equal protection.

We conclude that Mr. Pichon has failed to make a substantial showing of the denial of a constitutional right by showing that his equal protection claim is debatable among reasonable jurists, or that the issue required further proceedings. *See Slack*, 120 S. Ct. at 1603-04. Accordingly, we deny his request for a COA on this claim.

The appeal is **DISMISSED**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge