NOT DESIGNATED FOR PUBLICATION

No. 118,592

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LARNELL DYKES,
*Appellant*,

v.

MARTIN SAUERS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Ellsworth District Court; STEVEN E. JOHNSON, judge. Opinion filed July 13, 2018. Affirmed.

*Donald E. Anderson II*, of Law Office of Donald E. Anderson II, LLC, of Ellinwood, for appellant.

*Robert E. Wasinger*, legal counsel, of Kansas Department of Corrections, Ellsworth Correctional Facility, for appellee.

Before HILL, P.J., PIERRON and MALONE, JJ.

PER CURIAM:  Larnell Dykes appeals the district court's dismissal of his petition for writ of habeas corpus pursuant to K.S.A. 60-1501. In the petition, Dykes asked the district court to compel the Secretary of the Kansas Department of Corrections (KDOC) to recommend a modification of his indeterminate sentence. For the reasons stated herein, we affirm the district court's judgment.

1

Dykes was sentenced in August 1991 for aggravated kidnapping, aggravated robbery, rape, and aggravated burglary in Sedgwick County case No. 90CR2155. Dykes was sentenced in March 1993 for aggravated escape from custody in Leavenworth County case No. 91CR514. Dykes was sentenced in each case before the Kansas Sentencing Guidelines Act (KSGA) went into effect, and his sentences are not eligible for review by the prison review board until he has served 30 years. He is currently an inmate at the Ellsworth Correctional Facility.

On March 3, 2017, Dykes filed an "Inmate Request to Staff Member," requesting that pursuant to Internal Management Policy and Procedures (IMPP) 11-114, he be recommended by the Secretary of Corrections (Secretary) for a sentence modification. Dykes asserted that under the KSGA, he would be eligible for release in less than 30 years, so his pre-KSGA sentence violated numerous constitutional rights. The warden denied Dykes' request, noting that under IMPP 11-114, any recommendation by the Secretary for a sentence modification was discretionary. The Secretary later upheld the warden's ruling.

On May 4, 2017, Dykes filed his K.S.A. 60-1501 petition, requesting the district court to compel the Secretary to recommend a sentence modification. The warden filed a motion to dismiss, arguing that under K.S.A. 2017 Supp. 21-6702(e) and IMPP 11-114, any recommendation for a sentence modification was discretionary and the fact that Dykes' indeterminate sentence might be longer than a sentence under the KSGA does not violate the Constitution based on applicable Kansas caselaw. The district court held a hearing on the motion to dismiss on October 19, 2017. After hearing arguments of counsel, the district court granted the motion to dismiss, adopting the warden's arguments. Dykes timely appealed.

On appeal, Dykes argues that the district court erred in granting the motion to dismiss for failure to state a claim upon which relief can be granted. In his brief, Dykes

2

"concedes the case law in this matter in the State of Kansas is not favorable to his cause," but he argues that Kansas cases should be reevaluated in light of decisions in other jurisdictions. The warden argues that K.S.A. 2017 Supp. 21-6702(e) does not allow an offender to petition a district court under K.S.A. 60-1501 to compel the Secretary to recommend a modification of an inmate's sentence. The warden also argues that Dykes' pre-KSGA sentence is not unconstitutional as cruel and unusual punishment or an equal protection violation based on applicable Kansas caselaw.

The parties agree that an appellate court exercises unlimited review of the district court's summary dismissal of a K.S.A. 60-1501 petition. *Johnson v. State*, 289 Kan. 642, 649, 215 P.3d 575 (2009). Moreover, Dykes' constitutional claims present an issue of law over which an appellate court exercises unlimited review. See *Kerry G. v. Stacy C.*, 55 Kan. App. 2d 246, 251, 411 P.3d 1227 (2018). Finally, the interpretation of a statute is a question of law over which an appellate court exercises unlimited review. *State v. Dale*, 293 Kan. 660, 662, 267 P.3d 743 (2011).

K.S.A. 2017 Supp. 21-6702 governs authorized dispositions for crimes committed before July 1, 1993. K.S.A. 2017 Supp. 21-6702(e), the specific provision under review, states in part:

> "The court shall modify the sentence at any time before the expiration thereof *when such modification is recommended by the secretary of corrections* unless the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the inmate will not be served by such modification. The court shall have the power to impose a less severe penalty upon the inmate, including the power to reduce the minimum below the statutory limit on the minimum term prescribed for the crime of which the inmate has been convicted. The recommendation of the secretary of corrections, the hearing on the recommendation and the order of modification shall be made in open court." (Emphasis added.)

The KDOC has issued IMPP 11-114 to implement the sentence modification process under the statute. IMPP 11-114 I. A.-C. states:

"I. Initiating the Sentence Modification Process

"A. The warden of each facility shall be the *sole initiator* of any formal recommendation to the Secretary of Corrections for the modification of the sentence of an inmate.

1. The warden shall base the recommendation on a report from the Unit Team which is approved by the Program Management Committee.

"B. The Secretary of Corrections shall be the *sole initiator* of any formal request to the sentencing court for the modification of the sentence of an inmate.

"C. Solicitations from the Secretary or Management Team shall ordinarily be in response to judicial or legislative inquiry and shall not be construed as a statement of support for sentence modification." (Emphasis added.)

The district court correctly dismissed Dykes' habeas corpus petition because he is not entitled to relief under K.S.A. 2017 Supp. 21-6702(e) and IMPP 11-114. The statute states that the court shall modify a prisoner's sentence when such modification is recommended by the Secretary, and even then the court can reject the Secretary's recommendation for a sentence modification upon finding that members of the public will be jeopardized or that the welfare of the inmate will not be served by such modification. K.S.A. 2017 Supp. 21-6702(e). IMPP 11-114 I.A. provides that the warden of each facility shall be the "sole initiator" of any formal recommendation to the Secretary for the modification of an inmate's sentence. Also, the Secretary shall be the "sole initiator" of any formal request to the sentencing court for the modification of an inmate's sentence. IMPP 11-114 I.B.

As the warden indicated in initially denying Dykes' request, any recommendation by the Secretary to modify an inmate's sentence is discretionary. We agree with the warden and the district court that K.S.A. 2017 Supp. 21-6702(e) does not allow an

4

offender to petition a district court under K.S.A. 60-1501 to compel the Secretary to recommend the modification of an inmate's sentence. This court has ruled in two previous unpublished opinions that the Secretary must recommend a modification of an inmate's sentence before the district court can do so under K.S.A. 2017 Supp. 21-6702(e). See *State v. Hunt*, No. 113,179, 2016 WL 758317, at *2-3. (Kan. App. 2016) (unpublished opinion), *rev. denied* 305 Kan. 1255 (2017); *State v. Dotson*, No. 109,358, 2014 WL 6676042, at *1 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1014 (2015). In *Hunt*, this court affirmed the district court's dismissal of an inmate's K.S.A. 60-1501 petition asking the district court to compel the Secretary to recommend a sentence modification, and we adopt the reasoning and analysis set forth in that opinion. See 2016 WL 758317, at *2-3.

Dykes argued in district court and he argues on appeal that under the KSGA, he would be eligible for release in less than 30 years, so his pre-KSGA indeterminate sentence is unconstitutional as cruel and unusual punishment or an equal protection violation. Kansas moved from indeterminate sentencing to the KSGA on July 1, 1993, and in doing so, only certain indeterminate sentences were eligible for conversion to a sentence under the guidelines. See K.S.A. 21-4724. In his brief, Dykes acknowledges that the sentences for his convictions were not convertible under K.S.A. 21-4724.

In the motion to dismiss Dykes' K.S.A. 60-1501 petition, the warden cited *Chiles v. State*, 254 Kan. 888, 901-03, 869 P.2d 707 (1994), in which the Kansas Supreme Court held that the limited retroactivity provision of the KSGA did not violate the Equal Protection or Due Process Clauses of the United States Constitution. The warden also cited *Mueller v. State*, 28 Kan. App. 2d 760, Syl. ¶ 1, 24 P.3d 149 (2001), which held that the limited retroactive provision of the KSGA did not violate constitutional due process and equal protection rights or constitute cruel and unusual punishment. The district court adopted the warden's arguments in rejecting Dykes' constitutional claims.

On appeal, Dykes concedes that the law in Kansas is not favorable to his cause, but he argues that Kansas caselaw should be reevaluated in light of decisions from other jurisdictions. Dykes refers to a concurring opinion in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991), in which Justice Kennedy stated generally that the Cruel and Unusual Punishment Clause in the United States Constitution encompasses a narrow proportionality principle and that the Eighth Amendment prohibits greatly disproportional sentences. 501 U.S. at 997, 1004-05 (Kennedy, J., concurring). Dykes also cites *Ewing v. California*, 538 U.S. 11, 28-30, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003), for the general proposition that in reviewing whether a sentence is grossly disproportionate, the court must first examine the seriousness of the offense compared to the harshness of the penalty and determine if a threshold inference of gross disproportionality is raised.

Finally, Dykes cites the "persuasive authority" of *Humphrey v. Wilson*, 282 Ga. 520, 652 S.E.2d 501 (2007). In *Humphrey*, the defendant was originally sentenced to 10 years in prison with no possibility for parole for being convicted of having oral sex with a 15-year-old girl when he was 17 years old. 282 Ga. at 521. The Georgia Legislature later amended the statute under which the defendant was convicted making the crime a misdemeanor. The *Humphrey* court held that the significant change in the Legislature's view of the appropriate punishment for the defendant's crime made the defendant's 10-year prison sentence grossly disproportionate as a matter of law. 282 Ga. at 530.

The facts in *Humphrey* are much different from Dykes' situation and we do not find that case to be on point. We also are not persuaded by the United States Supreme Court's general discussion of the provisions of the Eighth Amendment in *Harmelin* and *Ewing*. Dykes would be eligible for release in less than 30 years had he been sentenced under the KSGA, but his K.S.A. 60-1501 petition acknowledges that his maximum sentence under the KSGA would be 27 years. As Dykes concedes in his brief, Kansas courts have upheld the limited retroactivity provision of the KSGA, holding that the

6

provision does not violate the Equal Protection and Due Process Clauses of the United States Constitution and does not constitute cruel and unusual punishment. *Chiles*, 254 Kan. at 901-03; *Mueller*, 28 Kan. App. 2d 760, Syl. ¶ 1. We conclude that Dykes' pre-KSGA sentence is not unconstitutional as cruel and unusual punishment or an equal protection violation based on applicable Kansas caselaw.

In sum, the district court correctly dismissed Dykes' K.S.A. 60-1501 petition because it cannot compel the Secretary to recommend that Dykes' sentence be modified under K.S.A. 2017 Supp. 21-6702(e) and IMPP 11-114. Moreover, Dykes' pre-KSGA sentence is not unconstitutional as cruel and unusual punishment or an equal protection violation. The district court did not err in denying Dykes' claims for relief.

Affirmed.