**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STEVEN R. MUELLER,

Petitioner-Appellant,

v.

LOUIS E. BRUCE; ATTORNEY
GENERAL OF KANSAS, Carla J.
Stovall,

Respondents-Appellees.

No. 97-3184
(D.C. No. 96-CV-3078-DES)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]   This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Steven R. Mueller, proceeding pro se, appeals from the district court's order denying his petition for habeas corpus relief, filed pursuant to 28 U.S.C. § 2254. The basis for his petition are his assertions that certain provisions of the Kansas Sentencing Guidelines Act (KSGA), Kan. Stat. Ann. §§ 75-5217(b), 21-4724(b)(2), and 22-3717(f), violate his constitutional right to equal protection of the laws of the United States. At the time Mueller took his appeal, decisions of this court had applied the certificate of appealability requirements of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) to cases filed prior to AEDPA's effective date, see, e.g., Lennox v. Evans, 87 F.3d 431, 432-34 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997). Accordingly, the district court considered Mueller's case and denied a certificate of appealability. Mueller then filed motions in this court for the issuance of a certificate. Further, respondent notified this court that he would not file a response brief. Since that time, in light of the Supreme Court's opinion in Lindh v. Murphy, 117 S. Ct. 2059 (1997), we have held that habeas petitioners who filed their applications with the district court prior to AEDPA's effective date need not obtain a certificate of appealability to proceed in this court. See United States v. Kunzman, 125 F.3d 1363, 1364 n. 2 (10th Cir. 1997). Therefore, we need not address Mueller's motions for a certificate of appealability. We grant a certificate of probable cause under pre-AEDPA authority, and proceed to review his appeal on the merits.

-2-

Mueller is currently serving several concurrent sentences in Kansas, including a ten-year to life sentence for aggravated robbery. He was released on parole in 1994 and arrested in 1995 for violation of parole; his parole was revoked later that year. Because his infraction was only a "technical" violation of parole, he was not eligible to have his sentences converted under the limited retroactivity provisions of the Kansas Sentencing Guidelines Act, enacted in 1993. Mueller contends that the Act's language, creating different classes of inmates and providing that the limited retroactivity provisions apply only to some--and specifically not to him--results in an equal protection violation.

Upon careful review of the entire record on appeal and applicable case law, we agree with the district court that Mueller's contentions are without merit. Both the Kansas courts and the district court have addressed similar arguments and rejected them. See Chiles v. State, 869 P.2d 707 (Kan. 1994); Jones v. Bruce, 921 F. Supp. 708 (D. Kan. 1996). Mueller's contentions that these cases are distinguishable because of his factual circumstances are likewise without merit. See McGann v. McKune, 911 P.2d 811 (Kan. App. 1995) (addressing equal protection arguments based on failure to convert sentences under KSGA due to "technical" violation of parole). The judgment of the United States

District Court for the District of Kansas is AFFIRMED.  All outstanding motions are denied as moot.  The mandate shall issue forthwith.

Entered for the Court

Robert H. Henry
Circuit Judge