UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 14 2004**

**PATRICK FISHER**
**Clerk**

THOMAS WOODBERRY,

    Plaintiff-Appellant,

v.

STATE OF KANSAS; BILL
GRAVES, Governor of the State of
Kansas, in his official and individual
capacity; MARILYN SCAFE,
Chairman of the Kansas Parole Board,
in her official and individual capacity;
CARL CUSHINGBERRY, Member of
the Kansas Parole Board, in his
official and individual capacity;
LARRY WOODWARD, Member of
the Kansas Parole Board, in his
official and individual capacity; BEN
BURGESS, Member of the Kansas
Parole Board, in his official and
individual capacity; COLENE
SEIDEL, Member of the Kansas
Parole Board, in her official and
individual capacity; CHARLES E.
SIMMONS, Secretary of the Kansas
Department of Corrections, in his
official and individual capacity;
DAVE MCKUNE, Warden, Lansing
Correctional Facility, in his official
and individual capacity,

    Defendants-Appellees.

No. 04-3106
(D.C. No. 03-CV-3461-GTV)
(D. Kan.)

**ORDER AND JUDGMENT** <sup>*</sup>

Before **ANDERSON** and **BALDOCK** , Circuit Judges, and **MARTEN** ,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Thomas Woodberry, a Kansas state prisoner, who is proceeding pro se and in forma pauperis, appeals the district court's dismissal of his civil rights complaint for failure to state a claim upon which relief may be granted and the court's denial of his motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) (requiring district court to dismiss prisoner in forma pauperis complaint if it fails to state claim on which relief may be granted); 1915A(a), (b)(1) (requiring district court to screen prisoner civil actions against governmental entity or employee and dismiss if it fails to state

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable J. Thomas Marten, District Judge, United States District Court for the District of Kansas, sitting by designation.

-2-

claim upon which relief may be granted). "In determining whether dismissal is proper, we accept the allegations in the complaint as true and construe those allegations and any reasonable inferences therefrom in the light most favorable to [Mr. Woodberry]. Also, because [he] proceeds pro se, we liberally construe his complaint." *French v. Adams County Det. Ctr.*, No. 04-1094, 2004 WL 1798308, at *1 (10th Cir. Aug. 12, 2004). Applying these standards, we affirm.

In his complaint, and on appeal, Mr. Woodberry challenged, on state and federal constitutional and statutory grounds, defendants' failure to apply the provisions of the Kansas Sentencing Guidelines Act concerning parole and good time credits to himself and others who committed crimes before enactment of the Act. He also challenged the limited retroactivity provisions of the Act, Kan. Stat. Ann. § 21-4724(b).

The district court dismissed Mr. Woodberry's action for failure to state a claim upon which relief may be granted after finding that state and federal courts had rejected claims similar to Mr. Woodberry's claims. *See Jones v. Bruce*, 921 F. Supp. 708 (D. Kan. 1996); *Chiles v. State*, 869 P.2d 707 (Kan. 1994).[1] In

---

[1] This court has rejected similar arguments in unpublished habeas corpus cases. *See, e.g.*, *Watkins v. Nelson*, No. 00-3233, 2001 WL 113822, at **1 (10th Cir. Feb. 9, 2001); *Lane v. Nye*, No. 97-3248, 1998 WL 327684, at **1 (10th Cir. June 19, 1998); *Dial v. Hannigan*, No. 97-3235, 1998 WL 223346, at **1 (10th Cir. May 6, 1998); *Mueller v. Bruce*, No. 97-3184, 1998 WL 45496, at **1 (10th Cir. Feb. 5, 1998).

addition, the court noted that it appeared that the Kansas courts had denied relief to Mr. Woodberry for similar claims before he commenced this federal action. *See Woodberry v. Graves*, No. 90,093, 2003 WL 22533129 (Kan. Ct. App. Nov. 7, 2003) (per curiam), *review denied*, (Kan. Feb. 10, 2004).

Because we agree with the conclusions and analysis of the district court, we affirm for substantially the same reasons stated in its Order filed February 10, 2004. R. Doc. 11. Mr. Woodberry has received a full and fair hearing on the merits of his claims.

The judgment of the district court is AFFIRMED. Mr. Woodberry's request for appointment of appellate counsel is DENIED. We remind Mr. Woodberry of his obligation to make partial payments under 28 U.S.C. § 1915(b)(1) until his appellate filing fee is paid. The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-4-