**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 22 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS WOODBERRY,

       Plaintiff - Appellant,

v.

LOUIS E. BRUCE, Warden,
Hutchinson Kansas; EARLENE DICK,
Business Manager of Operations from
Prison Health Services of Hutchinson
Correctional Facility; SUNDOWN
VITAMINS CO., Distributor
Company, Boca Raton, Florida.

       Defendants - Appellees.

No. 04-3100
(D. Kansas)
(D.C. No. 00-CV-3209-GTV)

**ORDER AND JUDGMENT** *

Before **SEYMOUR, LUCERO, O'BRIEN**, Circuit Judges.

       Thomas Woodberry, a state prisoner proceeding pro se, appeals from the

---

    * The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

district court's dismissal of his civil rights complaint under 42 U.S.C. §1983 and of his supplemental state-law claims. For substantially the same reasons stated in the district court's Order dated February 24, 2004, we conclude that Woodberry has not asserted facts to support an arguable claim. We exercise jurisdiction pursuant to 28 U.S.C. §1291 and **AFFIRM**.

On June 6, 2000, Woodberry filed his complaint in the federal district court alleging the defendant state correctional employees subjected him to cruel and unusual punishment in violation of the Eighth Amendment by marketing an amino acid vitamin manufactured by defendant Sundown Vitamin Company ("Sundown") in the prison canteen. Woodberry also asserted state law claims of negligence and violations of the Kansas Product Liabilities Act against the prison officials and Sundown.

Woodberry alleged that his liver was injured after ingesting amino acid vitamins manufactured by Sundown, and that the company had pulled its product from the market due to serious concerns of liver damage to consumers. The district court ordered the Hutchinson Correctional Facility to review the subject matter of the complaint, interview all witnesses having knowledge of the facts, including Woodberry, and prepare a Martinez report. See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). The Hutchinson Correctional Facility complied. On February 5, 2004, the district court issued an order to Woodberry to show cause

why dismissal was not appropriate. Woodberry responded to the district court's order to show cause and filed exhibits which consisted mainly of diary entries concerning his medical conditions and internet summaries concerning dietary supplements. After reviewing the entire record, the district court dismissed the civil rights action ab initio pursuant to 28 U.S.C. § 1915(e)(2)(B) based on its conclusion that the complaint did not state a claim upon which relief could be granted, and, pursuant to 28 U.S.C. §1367, declined to exercise supplemental jurisdiction for the state court claims.[1]

An ab initio dismissal of a prisoner's 42 U.S.C. §1983 action is to be reviewed de novo by the appellate court. Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend. Curley v. Perry, 246 F.3d 1278, 1281 (10th Cir. 2001), cert. denied, 534 U.S. 922 (2001); Perkins, 165 F.3d at 806. In determining whether a dismissal is proper, the court must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. Perkins, 165 F.3d at 806. Although we

---

[1]The district court also denied defendant Sundown Vitamins Company's motion to dismiss as moot. As we affirm the district court's order we do not address the statute of limitation issue raised by Sundown.

construe pro se petitioners' complaints liberally, Cummings v. Evans, 161 F.3d 610, 613 (10th Cir. 1998), we agree that Woodberry cannot prevail on the facts he has alleged, and to give him an opportunity to amend would be futile.

In order to prevail on his Eighth Amendment claim Woodberry must satisfy two core requirements. First, he must demonstrate the objective component that the deprivation was "sufficiently serious." Perkins, 165 F.3d at 809. Next, Woodberry, when challenging prison conditions, must show that the defendant prison officials acted with "deliberate indifference" to inmate health and safety. Perkins, 165 F.3d at 809. A finding of "deliberate indifference" under the Eighth Amendment requires the official to know of and disregard an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must draw the inference. Id. at 809 (emphasis added).

Woodberry's submission fails to establish either a serious deprivation or the required state of mind on the part of the correctional officials at the Hutchinson Correctional Facility. The records noted in the Martinez report indicate that Woodberry made a single 30-day purchase of the amino acid vitamins from the prison canteen in March 2000. The record is uncontroverted that Woodberry had a long-term skin condition, that his liver function was abnormal as early as 1995, and that he tested positive for Hepatitis C in June 2001. The record also shows

that Sundown did not remove its amino acid vitamins from the market due to their adverse effects; rather, defendant Bruce decided in June 2001 that prison canteens in the Kansas Department of Corrections would sell only multi-vitamins. Not only did the amino acid vitamins remain on the market, but the record shows that the other prisoners who purchased the amino acid vitamins suffered no adverse effects.

The district court concluded that the record did not establish that making amino acid vitamins available for purchase by prisoners created conditions that posed a serious risk of harm, or that prison officials acted with deliberate indifference. The district court also found that there was no evidence, nor any reason to expect that Woodberry could produce evidence, that the vitamins in question posed a serious risk of harm or that prison officials acted with deliberate indifference.

After reviewing the record, we agree with the district court and conclude that Woodberry's claim fails to allege both a serious deprivation and the requisite culpable state of mind on part of the corrections employees, and that it would be futile to give him the opportunity to amend.

Construing Woodberry's appeal liberally, we read his pro se submission as appealing the district court's dismissal of the supplemental state-law claims. The district court declined to exercise supplemental jurisdiction under 28 U.S.C. §1367

after dismissing Woodberry's Eighth Amendment claim. The statute allows district courts to decline if "[t]he district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(3). The exercise of supplemental jurisdiction is therefore discretionary. Gold v. Local 7 United Food and Commercial Workers Union, 159 F.3d 1307, 1310 (10th Cir. 1998) (overruled on other grounds). Review of the discretionary dismissal of supplemental claims under 28 U.S.C. §1367 is reviewed for abuse of discretion only. Id. Section 1367 "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." Id. at 1310. Here, the district court properly dismissed the 42 U.S.C. §1983 civil rights claim, and §1367(c)(3) authorized the court to dismiss Woodberry's supplemental claims. Based on the discussion above, we find no abuse of discretion. Accordingly, we AFFIRM the district court's dismissal of Woodberry's civil rights and supplemental state-law claims, and the dismissal of Woodberry's complaint. We remind Woodberry that he is obligated to make partial payments until the entire appellate filing fee has been paid.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge


-6-