**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 22 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS WOODBERRY,

Plaintiff-Appellant,

v.

CHARLES SIMMONS, Secretary of
Corrections; DAVID MCKUNE,
Warden, Lansing Correctional Facility;
STATE OF KANSAS; CARLA
STOVALL, Attorney General of the
State of Kansas,

Defendants-Appellees.

No. 04-3276

District of Kansas

(D.C. No. 03-CV-3249-GTV)

**ORDER AND JUDGMENT** *

Before **EBEL** , **MURPHY** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is

therefore submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Thomas Woodberry, a state prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief can be granted. After carefully reviewing Mr. Woodberry's brief, the district court's ruling, and the applicable law, we agree that Mr. Woodberry has failed to state a claim and therefore AFFIRM.

Mr. Woodberry's § 1983 complaint sought more than $25 million in compensatory and punitive damages from various officials of the Kansas Department of Corrections ("KDOC") for alleged Eighth Amendment violations. He claimed the KDOC engaged in cruel and unusual punishment when it distributed free tobacco to inmates and then refused to provide inmates smoking cessation programs, such as nicotine gum or patches, when it converted its prisons to smoke-free facilities. He also alleged that the First through the Fourteenth Amendments entitle him "to be medically screened for smoking related illnesses." Doc. No. 1 at 4. Finally, he claimed KDOC officials denied him access to the courts by refusing to respond to his administrative grievances.

The district court found that the KDOC, in its response to Mr. Woodberry's grievances, provided a copy of a bulletin in which "prisoners were offered smoking cessation classes 'to teach . . . techniques to stop smoking.'" Op. at 3, citing Pl.'s Compl. This same bulletin also informed inmates they could purchase

-2-

nicotine patches or nicotine gum. *Id.* Thus, the district court held Mr. Woodberry had "not stated a claim for relief under the Eighth Amendment." Op. at 4.

The district court also found Mr. Woodberry's "claim regarding access to the courts is not entirely clear" but was apparently based on his rebuffed attempt to file an emergency grievance concerning smoking-related issues. *Id.* His emergency grievance was denied and Mr. Woodberry was advised to follow the routine grievance procedure. The district court held those "circumstances do not suggest any interference with [Mr. Woodberry's] access to the courts." *Id.*

On appeal, Mr. Woodberry renews his Eighth Amendment claim and his claims of violations of the First through Fourteenth Amendments of the United States Constitution. Though not specifically enumerated as such, he also apparently appeals the district court's ruling regarding his access to the courts by claiming the state "refus[ed] to respond to any 1 of 5 grievances." Appellant's Br. at 19. Because the district court dismissed the complaint for failure to state a claim, we review its ruling de novo. *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

Mr. Woodbury first claims the Eight Amendment's ban on cruel and unusual punishment requires the KDOC to provide him, a voluntary cigarette consumer, with a battery of medical procedures to determine whether he will contract smoking-related illnesses at some future date. Appellant's Br. at 18. He

apparently has abandoned his claim that the KDOC should have provided smoking cessation classes or aids—presumably because documents he attached to his complaint indicate the KDOC already did so. *See* Pl.'s Compl. at 13.

Under the Eighth Amendment, prisoners are constitutionally entitled to "humane conditions of confinement guided by 'contemporary standards of decency.'" *Penrod v. Zavaras*, 94 F.3d 1399, 1405 (10th Cir. 1996), quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Accordingly, prison officials must "ensur[e] inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and . . . tak[e] reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998), citing *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994). Prisoners state a claim of cruel and unusual punishment by alleging prison officials demonstrated "deliberate indifference to a prisoner's serious illness or injury," *Estelle*, 429 U.S. at 105, or that prison officials "have, with deliberate indifference," involuntarily exposed a prisoner to conditions "that pose an unreasonable risk of serious damage to [the inmate's] future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993).

These cases demonstrate why Mr. Woodberry's claim fails. KDOC officials have not, as *Estelle* forbids, manifested "deliberate indifference" to Mr. Woodberry's "serious injury or illness." To the contrary, the record undeniably demonstrates that KDOC officials have accommodated Mr. Woodberry's

-4-

numerous medical requests. Among other treatments, he has received cremes and ointments from a dermatologist to cure his legion skin ailments as well as a testicular sonogram to investigate a knot in his left testicle. *See* Doc. Nos. 4, 7 and Attachments. He has also received multiple antibiotics, special dietary accommodations for his liver condition, and permission to cut his hair every two weeks so he can apply a healing balm to his diseased scalp skin. *See id.* Indeed, the evidence Mr. Woodberry has provided shows the KDOC has adequately responded to each of his medical requests. Thus, *Estelle* provides no basis for Mr. Woodberry's claims.

Additionally, *Helling* does not support Mr. Woodbury's claim because he seeks medical treatment to predict future illnesses that may result from his own volitional actions. The nonsmoking plaintiff in *Helling* sought damages because he was involuntarily exposed to Environmental Tobacco Smoke ("ETS") when his cellmate smoked five packs of cigarettes daily. 509 U.S. at 28. The Court compared the plaintiff's involuntary exposure to ETS to potential personal safety threats from "exposed electrical wiring, deficient firefighting measures, and the mingling of inmates with serious contagious diseases with other prison inmates." *Id.* at 34. In remanding to allow the plaintiff the chance to prove "that the level of ETS to which he has been *involuntarily* exposed is such that his future health is unreasonably endangered," the Court emphasized that the plaintiff must "establish

that it is contrary to current standards of decency for anyone to be so exposed *against his will* and that prison officials are deliberately indifferent to his plight." *Id.* at 35 (emphasis added).

By Mr. Woodberry's own admissions, *Helling* is inapplicable here. He was not forced to smoke cigarettes "against his will." His exposure to cigarette smoke was voluntary. Though scientific discoveries about the dangers of smoking may have caused Mr. Woodberry to regret his choices, the Constitution does not require the KDOC to provide screening exams for non-existent medical conditions that may eventually arise due to his past volitional acts.

Mr. Woodberry's second claim—that the KDOC violated the First through the Fourteenth Amendments—is hazier. His brief centers mainly on his assertion that the KDOC "must provide a medical screen for all smoking related illnesses." Appellant's Br. at 19. As we have discussed, this claim has no merit under the Eighth Amendment, and Mr. Woodberry fails to explain how the KDOC's actions violate the other thirteen of the first fourteen amendments. Though we construe Mr. Woodberry's pro se pleading liberally and apply a less stringent standard than we would to pleadings filed by lawyers, we "will not supply additional factual allegations to round out [Mr. Woodberry's] complaint or construct a legal theory on [Mr. Woodberry's] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74

(10th Cir. 1997), citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). We thus affirm the district court's dismissal of this claim.

Finally, Mr. Woodberry claims KDOC officials "denied [him] access to the courts by refusing to respond to any 1 of 5 grievances." Appellant's Br. at 19. The district court construed this claim as referring to an emergency grievance Mr. Woodberry filed concerning smoke-related issues. *See* Op. at 4. It found Mr. Woodberry's emergency grievance was rejected and he was instructed to follow the "routine grievance procedure." *Id.* Since Mr. Woodberry does not point us to which five specific grievances the KDOC allegedly ignored, we cannot say that the district court unreasonably interpreted this claim. *See Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1246 n.13 (10th Cir. 2003) (noting this Court will not search the record to develop evidence not specifically identified in the appellate briefs). We also agree with its conclusion that "[t]hese circumstances do not suggest any interference with [Mr. Woodberry's] access to the courts." Op. at 4.

The judgment of the United States District Court for the District of Kansas is **AFFIRMED**.

Mr. Woodberry's motion to proceed *in forma pauperis* is **GRANTED**. He is reminded that he is obligated to continue making partial payments toward the

-7-

balance of his assessed fees and costs until they are paid in full.

Entered for the Court,

Michael W. McConnell
Circuit Judge