**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 31, 2005**

**PATRICK FISHER**
**Clerk**

THOMAS WOODBERRY,

      Plaintiff-Appellant,

v.

CHARLES SIMMONS, Secretary of
Corrections; LOUIS E. BRUCE,
Warden, Hutchinson Correctional
Facility; MARVIN METTSCHNER,
Director, Prison Health Services of
Hutchinson Correctional Facility;
DR. JAN deBAKKER, Prison Health
Services; DR. JAMES BAKER,
Director of Prison Health Services;
DR. KRISTINA STERLING, Prison
Health Services, Hutchinson
Correctional Facility; DENNIS GOFF,
Prison Health Services; LOUISA
OSBOURNE, Director of Nursing,
Prison Health Services in their
individual and personal capacities;
LAWRENCE PERRY, M.D., Contract
Management Consultant of P.H.S.;
MARGRET SMITH, M.A., Medical
Contract Management Consultant of
P.H.S.; SHERRY
DETTMAN-ROUDYBUSH,
R.N.C.C.H.P., Medical Contract
Management Consultant of P.H.S.;
KY D. HOANG, Dr.,

      Defendants-Appellees.

No. 04-3451
(D.C. No. 01-CV-3138-GTV)
(D. Kan.)

Before **HENRY, ANDERSON** , and **TYMKOVICH** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Thomas Woodberry, a Kansas state prisoner proceeding pro se, appeals from the grant of summary judgment in favor of defendants in his civil rights suit brought under 42 U.S.C. § 1983. We affirm.

Woodberry alleged that defendants failed to provide him with adequate medical care for his skin and liver conditions and treated his serious medical needs with deliberate indifference in violation of his Eighth Amendment right to be free from cruel and unusual punishment. He also claimed negligent infliction of emotional distress and mental anguish. He sought a court order directing immediate medical attention and a transfer from state prison to federal parole. The district court ordered a report pursuant to *Martinez v. Aaron* , 570 F.2d 317

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(10th Cir. 1978). Based on the undisputed evidence presented in the *Martinez* report, the district court granted defendants' motion for summary judgment

We review a summary judgment order de novo, considering the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000). Summary judgment is appropriate when there are no genuinely disputed material issues of fact and the moving party is entitled to judgment as a matter of law. *Id*. (quoting Fed. R. Civ. P. 56(c)). "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

We have reviewed the appellate briefs and the record on appeal in accordance with these standards, and we affirm the district court's summary judgment dismissal of Woodberry's complaint for substantially those reasons set forth in its order dated September 23, 2004. The undisputed evidence demonstrates that prison officials provided Woodberry with extensive medical care and treatment, including frequent health clinic visits, medications, and referrals to medical specialists, as summarized in the district court's order. The undisputed evidence shows that defendants treated Woodberry's medical needs with diligence, not with the deliberate indifference needed to establish a violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Woodberry complains that prison medical staff should have tried medications not available in the prison and should have authorized more visits to outside dermatologists. As the district court explained, however, a difference of opinion between a prisoner and the prison medical staff about medical treatment does not constitute deliberate indifference. *See Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir. 1993). The district court also correctly ruled that Woodberry did not present evidence that would support a claim for negligent infliction of emotional distress under Kansas law. We further agree that there is no evidence in the record to support Woodberry's claim that he was denied access to the courts. Finally, Woodberry did not present evidence that would support the emergency injunction he requested.

We note that while this appeal was pending, Woodberry accumulated his third "strike" under 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act; that is, a third civil action that Woodberry filed while he was incarcerated was dismissed for failure to state a claim upon which relief may be granted. *See Woodberry v. Simmons,* 118 Fed. Appx. 362 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 1599 (2005) (unpublished) (affirming dismissal for failure to state a claim); *Woodberry v. Bruce*, 109 Fed. Appx. 370 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 967 (2005) (unpublished) (same); *Woodberry v. State of Kansas,* 109 Fed. Appx. 310 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 905 (2005)

(unpublished) (same). As a consequence, Woodberry may not proceed in forma pauperis in any future civil filing unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Woodberry is further reminded that he remains obligated to continue making partial payments in this and all of his prior appeals until his appellate filing fees are paid in full. *See* 28 U.S.C. § 1915(b).

The judgment of the district court is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge