**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 29, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

DALE M.L. DENNEY,

      Plaintiff - Appellant,

v.

ROGER WERHOLTZ, Secretary of
Corrections, in his individual and
official capacity; JEFF SMITH, CMI,
Kansas Computation Unit, in his
individual and official capacity,

      Defendants - Appellees.

No. 09-3132
(D. Kan.)
(D.Ct. No. 5:08-CV-03241-SAC)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1. The case is therefore

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent. 10th Cir. R. 32.1(A). Citation
to orders and judgments is not prohibited. Fed. R. App. 32.1. But it is discouraged,
except when related to law of the case, issue preclusion or claim preclusion. Any citation
to an order and judgment must be accompanied by an appropriate parenthetical notation --
(unpublished). 10th Cir. R. 32.1(A).

Dale M.L. Denney, a state prisoner appearing pro se,[1] appeals from the district court's dismissal without prejudice of his complaint filed pursuant to 42 U.S.C. § 1983[2] and the denial of his motion to alter or amend judgment filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Rule 59(e)). We affirm.

## I. BACKGROUND

In 1987, Denney was convicted in Case No. 87-CR-944 of rape and aggravated burglary and sentenced to an indeterminate sentence of five to twenty years imprisonment. *See State v. Denney*, 101 P.3d 1257, 1259-60 (Kan. 2004). His sentence began on January 7, 1988, and he was paroled on July 20, 1992. *Id.* at 1259. In 1993, while still on parole, Denney was convicted in Case Nos. 93-CR-1268 and 93-CR-1343 of various sexual offenses including aggravated criminal sodomy and aggravated sexual battery. *Id.* He was sentenced to thirty

---

[1] We construe pro se pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2]     Although a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable. The critical determination as to whether an order is final is whether plaintiff has been effectively excluded from federal court under the present circumstances.

*Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001) (citation and quotations omitted). Because the district court's dismissal without prejudice disposed of the entire case, effectively excluding Denney's case from federal court, it is final and appealable. *See id.*

years to life imprisonment in 93-CR-1343 and to a consecutive sentence of 228 months imprisonment in 93-CR-1268.  *Id.*  These sentences began on July 30, 1993. Based on his 1993 convictions, Denney's parole in 87-CR-944 was revoked. *Id.*

On February 15, 2001, Denney filed a motion in 87-CR-944 to convert his indeterminate sentence to a determinate one.  *Id.*  The state trial court denied the motion.  *Id.*  The Kansas Court of Appeals reversed, holding Denney was entitled to have his sentence converted pursuant to Kan. Stat. Ann. § 22-3717(f) (1993) ("If an inmate is sentenced to prison for a crime committed after July 1, 1993, while on parole or conditional release for a crime committed prior to July 1, 1993, the old sentence shall be converted into a determinate sentence and will run consecutive to the new sentence as follows: . . . 36 months for class A or B felonies or the conditional release date whichever is shorter.").  *Id.* at 1259-60. On remand, the court converted Denney's sentence in 87-CR-944 to thirty-six months.  *Id.* at 1260.  Because Denney had already served more than thirty-six months, the Kansas Department of Corrections (KDOC) considered his sentence in 87-CR-944 satisfied.  *Id.*

On October 3, 2002, Denney filed a motion in state court to correct an illegal sentence, arguing he was entitled to credit for time served in excess of thirty-six months in 87-CR-344.  *Id.*  The trial court denied the motion.  *Id.*  The Kansas Court of Appeals affirmed: "[U]pon conversion of the 1987 case . . ., that

-3-

sentence was satisfied and was not amenable to aggregation with Denney's remaining sentences to produce any prior penal credit." *Denney v. Bruce*, 85 P.3d 1270, No. 90,936, 2004 WL 556906, at *1 (Kan. Ct. App. Mar. 19, 2004) (unpublished). The Kansas Supreme Court affirmed, holding Denney's jail time credit from 87-CR-944 does not apply to sentences for other crimes in other cases. *Denney*, 101 P.3d at 1261-62.

In November 2006, Denney filed another motion to correct an illegal sentence, alleging the KDOC erred by disaggregating his 1987 sentence from his 1993 sentences. *See Denney v. Roberts*, 177 P.3d 1012, No. 98,552, 2008 WL 624706, at *1 (Kan. Ct. App. Mar. 7, 2008) (unpublished). The district court denied the motion, concluding Denney's sentence was properly computed. *Id.* The Kansas Court of Appeals affirmed:

> The issue of Denney's 1987 sentence has already been addressed by the Kansas Supreme Court. As it noted in Denney's direct appeal, the KDOC determined that Denney had satisfied his sentence for the 1987 conviction. Therefore, this is not a case where a sentence was disaggregated. Rather, it is a case where a sentence was satisfied such that it no longer factors into the computation of Denney's parole eligibility date. The district court did not improperly disaggregate Denney's sentence.

*Id.* at *2 (citation omitted).

Denney filed yet another motion complaining his 1987 sentence should be aggregated to his 1993 sentences and he should receive credit for time served on his 1987 conviction. *State v. Denney*, 189 P.3d 580, No. 98,288, 2008 WL

-4-

3367606, at *1 (Kan. Ct. App. Aug. 8, 2008) (unpublished).  The trial court

denied the motion; the Kansas Court of Appeals dismissed for lack of jurisdiction

because Denney had filed his motion in the wrong county.  *Id.*

On September 16, 2008, Denney filed the present § 1983 complaint against

Roger Werholtz (Secretary of the KDOC) and Jeff Smith (KDOC's Sentence

Computation Manager) seeking monetary damages and equitable relief for the

extra two and one-half years he served on his sentence in 87-CR-944 for which he

was denied credit to his 1993 sentences.  The district court screened the complaint

pursuant to 28 U.S.C. § 1915A.  Because it appeared that success on Denney's

claims concerning his 1987 sentence would necessarily impact the validity of the

duration of his present confinement, the court determined his complaint was

barred under *Wilkinson v. Dotson*, 544 U.S. 74 (2005), and *Heck v. Humphrey*,

512 U.S. 477 (1994), unless Denney could demonstrate the challenged

confinement or sentence had been invalidated or set aside.  It directed Denney to

show cause why his complaint should not be summarily dismissed without

prejudice because it seeks relief barred by *Wilkinson* and *Heck*.

Denney responded to the show cause order saying *Wilkinson* and *Heck* did

not apply because success on his complaint would not impact the validity of his

confinement or its duration.  The court was unconvinced:

> [T]o the extent [Denney] now seeks damages for 2.5 years of
> confinement beyond the 36 month converted sentence, such relief is
> foreclosed because [he] points to no court decision or other action

indicating the 2.5 years of service on his yet unconverted indeterminate sentence of five to twenty years was illegal. Thus *Wilkinson* and *Heck* bar [his] action for monetary relief.

(R. Doc. 5 at 2.) It dismissed the action without prejudice.

Denney filed a timely Rule 59(e) motion raising the same arguments and waiving his claim for equitable relief. The district court denied the motion. It said Denney was not entitled under Kansas law to conversion of his indeterminate sentence in 87-CR-944 until July 1993 when he violated the conditions of his parole. Although it was determined his service of the indeterminate sentence in 87-CR-944 exceeded the converted thirty-six month sentence, that determination did not constitute a finding that Denney's service of his indeterminate sentence from January 1991 to July 1993 was unlawful or otherwise invalid.

## II. DISCUSSION

Denney says the district court erred in dismissing his complaint and denying his Rule 59(e) motion. "We . . . review de novo an order dismissing a prisoner's case for failure to state a claim." *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). We review the denial of a Rule 59(e) motion for abuse of discretion. *Buchanan v. Sherrill*, 51 F.3d 227, 230 (10th Cir. 1995).

The district court properly dismissed Denney's complaint for failure to state a claim as it is barred by *Heck* and *Wilkinson*. *Heck* held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged

by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87; *see also Wilkinson*, 544 U.S. at 81-82 ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if s*uccess in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Denney's indeterminate sentence in 87-CR-944 was converted to a thirty-six month sentence under Kan. Stat. Ann. § 22-3717(f) (1993). Because he had already served thirty-six months, his sentence in 87-CR-944 was considered complete. The fact he served more than thirty-six months does not render the extra time illegal or allow for damages. Indeed, he was spared serving twenty years as a matter of legislative grace. *See Mueller v. State*, 24 P.3d 149, 155 (Kan. Ct. App. 2001) ("Authorizing sentence conversion to reduce the punishment or grant leniency to some convicted criminals was an act of grace by the legislature."). As the district court found, a Kansas court has never ruled

(although given numerous opportunities to do so) the two and one-half years he served beyond his converted sentence was illegal.

Because Denney's Rule 59(e) motion raised the same arguments we have now rejected, the district court did not abuse its discretion in denying it.  *See Buchanan*, 51 F.3d at 230.

**AFFIRMED.**

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge